UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LONG, | No. 2:12-cv-1698 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's motion is granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

PROCEDURAL BACKGROUND

On February 25, 2009, plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act ("the Act"). (Transcript ("Tr.") at 21.) On February 26, 2009, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Act. (Id.) Both applications alleged disability beginning on January 1, 2006. (Id.) Plaintiff's applications for benefits were denied initially and upon reconsideration. (Id.) Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative

Law Judge ("ALJ") on October 15, 2010.  (Id. at 37-68.)  Plaintiff was represented by counsel and testified at the administrative hearing.  In a decision issued on December 17, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 33.)

    The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: fibromyalgia, degenerative arthritis, personality disorder not otherwise specified, gastroespohageal reflux disease (GERD), a longitudinal history of polysubstance abuse in partial remission, psychotic disorder not otherwise specified, schizoaffective disorder, anxiety, and bipolar disorder with psychotic features.  (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  The claimant is limited to no more than occasional interaction with the general public, and cannot understand, remember or carry out complex or detailed job instruction or tasks.  The claimant cannot work around unprotected heights or dangers such as moving machinery.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on April 10, 1964 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2006, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 23-32.)

On November 15, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 17, 2012.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is

3

appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ erred by rejecting the opinion of plaintiff's treating physician and by failing to seek testimony from a Vocational Expert. (Pl.'s MSJ (Doc. No. 20) at 8-10.[1]) Below, the court will address these two arguments in turn.

**I.    Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in rejecting the April 16, 2009, medical opinion of plaintiff's treating orthopedist, Dr. William Duffy, without a legitimate basis for doing so. (Pl.'s MSJ (Doc. No. 20) at 8-9.) Specifically, plaintiff argues that the "ALJ rejected the opinion of Dr. Duffy, in part, because he thought Dr. Duffy stopped treating Plaintiff in 2007." (Id.) Plaintiff asserts that "this is factually incorrect." (Id. at 9.)

The ALJ's finding that Dr. Duffy stopped treating plaintiff in 2007, however, was based on Dr. Duffy's opinion of April 16, 2009, in which Dr. Duffy states that he "originally began seeing [plaintiff] in 2002 and [plaintiff] was last seen in 2007." (Id. at 288.) Plaintiff argues that Dr. Duffy in fact examined plaintiff in preparing his April 16, 2009 opinion. (Id. at

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

288-89.) However, accepting that Dr. Duffy examined plaintiff in connection with the rendering of his 2009 opinion does not make the statement that Dr. Duffy stopped treating plaintiff in 2007 factually incorrect. Moreover, plaintiff has offered no evidence that Dr. Duffy actually treated plaintiff, as opposed to examining him for purposes of rendering an updated opinion, at any time after 2007.

Moreover, as acknowledged by plaintiff, the fact that Dr. Duffy stopped treating plaintiff in 2007 was only part of the reason for the ALJ rejection of Dr. Duffy's opinion. The ALJ also noted that Dr. Duffy's 2009 opinion indicated limitations that were not "reasonably related to the claimant's medical history." (Id. at 30.) Plaintiff does not challenge this finding by the ALJ. An ALJ may validly reject a treating physician's medical opinion that is inconsistent with the physician's own treatment records and lacks support by objective evidence. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ also rejected Dr. Duffy's opinion because "Dr. Duffy only recommended conservative treatment . . . ." (Tr. at 30.) Again, plaintiff does not challenge this finding by the ALJ. An ALJ may validly reject a treating physician's medical opinion that is inconsistent with the plaintiff's conservative course of treatment. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (holding ALJ properly rejected opinion of treating physician who prescribed conservative treatment yet opined that claimant was disabled).

For these reasons, plaintiff is not entitled to relief with respect to his claim that the ALJ erred in rejecting the opinion of plaintiff's treating physician.

**II.   Vocational Expert**

Plaintiff also argues that the ALJ erred by improperly relying on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("grids") instead of seeking testimony from a Vocational Expert. (Pl.'s MSJ (Doc. No. 20) at 9-10.)

"The ALJ can use the grids without vocational expert testimony when a non-exertional limitation is alleged because the grids 'provide for the evaluation of claimants asserting

/////

both exertional and non-exertional limitations.'"[2] Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007) (citing Razey v. Heckler, 785 F.2d 1426, 1430 (9th Cir. 1986)).  See also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids.").  The grids are inapplicable and a vocational expert is necessary only "[w]hen a claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations."  Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988).

Here, the ALJ's opinion acknowledged that plaintiff's ability to perform the full range of light work was limited by his non-exertional limitations but found that those non-exertional limitations had "little or no effect on the occupational base of unskilled light work." (Tr. at 32.)  The ALJ also found that plaintiff's postural limitations "do not erode the occupational base" and that plaintiff's "non-exertional limitations do not erode the occupational base of unskilled work." (Id.)  Although plaintiff disputes the ALJ's finding that the occupational base would not be eroded, plaintiff has offered nothing more than a conclusory assertion of his disagreement, devoid any elaboration.[3]  (Pl.'s MSJ (Doc. No. 20) at 9.)

Under these circumstances, the court finds that the ALJ's use of the grids and failure to seek the testimony of a Vocational Expert was not improper.  See Cowen v. Commissioner of Social Sec., 400 Fed. Appx. 275, 277 (9th Cir. 2010) ("If an ALJ finds a claimant's nonexertional limitations do not significantly affect his exertional capabilities, the ALJ may use the medical-vocational guidelines ('the grids') in lieu of calling a vocational expert."); Landa v. Astrue, 283 Fed. Appx. 556, 558 (9th Cir. 2008)[4] (the grids are inapplicable and a vocational expert required when a non-exertional limitation is sufficiently severe to significantly

---

[2] Non-exertional limitations affect such capabilities as mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, and feeling, as well as environmental restrictions.  SSR 96-9P, 1996 WL 374185, at *5.

[3] In response to defendant's thorough argument in opposition, plaintiff failed to even address this issue in his reply.

[4] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

limit the range of work); Martin v. Astrue, No. 2:12-cv-0033 KJN, 2013 WL 552932, at *9 (E.D. Cal. Feb. 13, 2013) ("plaintiff's moderate social functioning limitations were not sufficiently severe to require vocational expert testimony."); Trefcer v. Astrue, No. CIV S-11-1436 GGH, 2012 WL 2522147, at *7 (E.D. Cal. June 27, 2012) ("The Ninth Circuit has already held that moderate mental limitations do not even require vocational expert testimony."); Harris v. Astrue, CV 08-2726 AJW, 2009 WL 2912655, at *9 (C.D. Cal. Sept. 8, 2009) (the ALJ did not err in apply grids to plaintiff with non-exertional limitations of occasional postural maneuvers or walking on uneven surfaces because such limitations do not significantly erode the sedentary occupational base); see also SSR 96-9P, 1996 WL 374185, at *7-8 (limitation to occasional climbing, balancing, kneeling, crouching, crawling, or stooping would not normally erode the occupational base for a full range of unskilled sedentary work significantly).

For all of these reasons, plaintiff is not entitled to relief with respect to his claim that the ALJ erred by relying on the grids.

## CONCLUSION

The court has found that plaintiff is not entitled to summary judgment in his favor with respect to any of his arguments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 20) is denied;

2. Defendant's cross-motion for summary judgment (Doc. No. 21) is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

Dated:  September 3, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\long1698.ord.docx